IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 12-3311 |
| MICHAEL L. HAWK, DMD, PC, MICHAEL L. HAWK, | ) ) ) ) | |
| Defendants. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

On July 31, 2013, the Parties stipulated and agreed to the entry of a Preliminary Injunction and a Permanent Injunction Ordering Michael L. Hawk, individually, to comply with a number of requirements.  The Parties also stipulated and consented to the entry of Judgment in favor of the United States and against Michael L. Hawk.  The agreed-upon terms were formalized and an Order and Judgment was entered on December 9, 2013. Pending is the Plaintiff's Motion to hold the Defendants in Civil Contempt. The Defendants have not responded to the motion.

I.

On December 9, 2013, the Court entered an Order and Judgment requiring Defendant Michael L. Hawk, individually, to timely file all employment and unemployment tax returns and pay all tax liabilities as they became due and to provide proof to the Internal Revenue Service ("IRS") that such payments were made. See Doc. No. 10. Although the Order and Judgment provided that Michael L. Hawk DMD, PC, would be dismissed from the action, the actions were to be completed on behalf of Hawk, individually, as well as his professional corporation, and/or any other new or then presently unknown entity in which Hawk may later obtain an interest. Additionally, the Order required Hawk, inter alia, to sign and deliver affidavits to the revenue officer (presently Alexis Porrata), or such other person as the IRS may deem appropriate, on the first day of each month, stating that the requisite withheld income, and FICA tax deposits were timely made. See id.

The United States alleges that since the entry of the Court's Order, Hawk has failed to satisfy any of the requirements set forth therein.

According to the affidavit of Revenue Officer Alexis Porrata, which is attached as an exhibit to the motion, Hawk has not made all of the required payroll tax deposits and he failed to pay any outstanding liabilities due on each return described in the Complaint within 30 days of the Court's Order as required. Accordingly, the United States alleges the Court should hold Hawk in contempt and, as appropriate sanction, order the incarceration of Hawk to coerce him to comply with the Order and Judgment.

Hawk did not respond to the Plaintiff's Motion.

## II.

A court may exercise its civil contempt power in order to enforce compliance with court orders and judicial proceedings. See Jones v. Lincoln Elec. Co., 188 F.3d 709, 737 (7th Cir. 1999). "To hold a party or witness in civil contempt, the district court must be able to point to a decree from the court which sets forth in specific detail an unequivocal command which the party in contempt violated." Id. at 738 (internal quotation marks and citations omitted). The evidence must show by clear and convincing evidence that (1) the order set forth an unambiguous command; (2) the

command was violated; (3) the violation was significant; and (4) the party did not take steps reasonably and diligently to comply with the order. See Lightspeed Media Corp. v. Smith, 761 F.3d 699, 711 (7th Cir. 2014).

A review of the Court's Order of December 9, 2013 shows that it was clear and unambiguous. Based on Hawk's signature on the Stipulation for Entry of Judgment, see Doc. No. 9, there is no question that he had knowledge of the Order. Despite Hawk's stipulation to the terms of the injunction Order, he did not comply with its terms. Hawk has failed to make all of the required payroll tax deposits and to pay any outstanding liabilities within 30 days of the Court's Order. Additionally, there is no justification for Hawk's failure to timely file all quarterly employment and annual unemployment tax returns with the IRS. Based on the information in Alexis Porrata's affidavit, the Court finds that Hawk has demonstrated total noncompliance with the Order.

Accordingly, the Court concludes that the Government has established Hawk's contempt of the Order of December 9, 2013.

III.

When a court finds that a defendant has not complied with an order, the court may employ both coercive and compensatory sanctions. See United States v. United Mine Workers of America, 330 U.S. 258, 303-04 (1947). A court has significant discretion to determine an appropriate sanction to coerce compliance with its order, though the court must "consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." Id. at 304. A court has the inherent power "to coerce obedience to its orders by summarily holding a recalcitrant person . . . in civil contempt and then imprisoning him until he complied." In re Credidio, 759 F.2d 589, 590 (7th Cir. 1985) (quoting In re Grand Jury Investigation (Braun), 600 F.2d 420, 422 (3d Cir. 1979)). The rationale for this sanction is that contemnors hold "the keys of their own prison in their own pockets." Id. If incarceration for civil contempt becomes punitive rather than coercive, then due process concerns require the release of the contemnor from civil contempt. See id.

When the contemnor is a corporation, the court's power to sanction

the corporation for contempt includes the power to sanction officers who have the power to cause the corporation to comply.  See Wilson v. United States, 221 U.S. 361, 376 (1911).

Although a party's inability to comply with an order to pay is a defense to civil contempt, the alleged contemnor has the burden of producing evidence of his inability to comply.  See United States v. Rylander, 460 U.S. 752, 757 (1983); United States ex rel. Thom v. Jenkins, 760 F.2d 736 (7th Cir. 1985).

The Court agrees that Hawk's refusal to obey the Court's Order and Judgment warrants a coercive sanction which is sufficient to compel him to pay the Defendants' employment and unemployment tax obligations. Hawk has provided no justification for his non-compliance.  The Court concludes that the harm inflicted by Hawk's contempt is substantial and, based on the history of the case, not likely to cease absent a major coercive sanction.  Additionally, Hawk's failure to pay the Defendant's payroll taxes makes the United States an involuntary creditor, and the business's failure to turn over funds that it withholds from its employees' paychecks is

especially nefarious.  It amounts to conversion of the United States' property.

The Court believes that Hawk's incarceration may be the only sanction that has any likelihood of compelling him to comply with the Court's Order.  A monetary fine is unlikely to succeed, given that Defendants continue to accrue liabilities for taxes, penalties and interest without any attempt to pay them.  The Court agrees with the Government's assertion that an incarceration order might be the only sanction that will convince Hawk that he cannot simply ignore with impunity a lawful Court Order.

As the Court earlier noted, Defendant Michael L. Hawk did not respond to the Plaintiff's Motion to hold the Defendants in Civil Contempt.

Ergo, the Motion of Plaintiff United States of America to hold Defendants Michael L. Hawk, DMD, PC AND Michael L. Hawk in Civil Contempt [d/e 12] is ALLOWED.

The Court will ORDER the immediate incarceration of Defendant

Michael L. Hawk for his failure to comply with the Order and Judgment of December 9, 2013, if any of the following conditions arise:

(1) Hawk fails to timely make an employment-tax deposit in respect of any payroll distribution made after the entry of the Court's contempt Order;

(2) Hawk fails to turn over to the United States the portion of the Defendants' outstanding employment-tax liability that he holds in trust within seven (7) business days of the date of entry of the Court's contempt Order;

(3) Within twenty-one (21) days of the contempt Order, Hawk fails to pay all employment taxes (including penalties and interest) that have accrued since the issuance of the Court's December 9, 2013 Order.

The Court will further Order Defendant Hawk's incarceration if, after bringing himself into compliance with the Court's December 9, 2013 Order and Judgment, Hawk further violates that Order and Judgment within the six months that follow. A bench warrant would then issue upon Plaintiff United States of America submitting a declaration of an IRS revenue

officer, certifying under penalty of perjury that Hawk has failed to timely file the Defendants' Forms 940 or 941, or pay any employment or unemployment tax obligation that becomes due after the issuance of the Court's contempt Order.

The Clerk will send a copy of this Opinion and Order to Michael L. Hawk, 9405 Boyd Farm Road, Rochester, IL 62563.

ENTER: October 27, 2015

       FOR THE COURT:

                           /s/ Richard Mills
                           Richard Mills
                           United States District Judge